Tyrone Lamond BANKS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–05–01050–CR, 05–05–01051–CR, 05–05–01052–CR, 05–05–01053–CR, 05–05–01054–CR, 05–05–01055–CR, 05–05–01056–CR.

Court of Appeals of Texas, Dallas.

Dec. 11, 2008.

Discretionary Review Refused April 29, 2009.

Dan Patterson, Kathleen A. Walsh, Public Defender's Office, Dallas, for Appellant.

Tyrone Lamond Banks, Tyron Lamord Banks, new Boston, pro se.

William T. (Bill) Hill, Crim. District Attorney, Melanie D. Dickson, for State.

Before Justices WRIGHT, MOSELEY, and LANG.

## SUPPLEMENTAL OPINION ON REMAND

Opinion by Justice WRIGHT.

Tyrone Lamond Banks appeals four convictions for aggravated assault and three convictions for aggravated robbery. On original submission, this Court concluded the reporter's record in these cases had been lost or destroyed through no fault of appellant and, pursuant to Texas Rule of Appellate Procedure 34.6(f), appellant was entitled to a new trial in the three aggravated robbery cases. We further concluded that because the record was not necessary to resolve any issues concerning appellant's guilty pleas in the four aggravated assault cases, but was necessary for resolution of issues arising in the course of the punishment hearing, appellant was entitled to new punishment hearings in the four aggravated assault cases. The Texas Court of Criminal Appeals granted review of these cases to "consider issues including the relationship of rule of appellate procedure 34.6(f) to section 52.046(a)(4) of the government code." Without resolution of those issues, the court of criminal appeals remanded the cases to this Court so that we could

also consider the impact of rule of appellate procedure 13.6 on these appeals. After doing so, we reach the same conclusion, sustain appellant's sole issue, reverse the judgments in the three aggravated robbery cases and remand those cases for new trials, and reverse and remand for new punishment in the four aggravated assault cases.[1]

### Discussion

If a reporter's record of the proceedings from which an appeal arises is lost or destroyed, an appellant is entitled to a new trial if he establishes that: (1) he timely requested a reporter's record; (2) without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed; (3) the lost, destroyed, or inaudible portion of the reporter's record is necessary to the appeal's resolution; and (4) the parties cannot agree on a complete reporter's record. TEX.R.APP. P. 34.6(f).

On original submission, we concluded appellant's request for the reporter's record was timely and the record was lost or destroyed without appellant's fault, rejecting the State's argument that because appellant did not request the record until after the time the court reporter was permitted to destroy the notes, appellant should not be permitted to benefit from rule 34.6(f). The State relied on section 52.046(a)(4) of the government code, which provides that, on request, the court report-

er must "preserve the notes for future reference for three years from the date on which they were taken." *See* TEX. GOV'T CODE ANN. § 52.046(a)(4) (Vernon 2005). We concluded that when the court of criminal appeals granted appellant out-of-time appeals, the appellate time limits were reset. We noted that before appellant timely requested the record pursuant to rule 34.6, the court reporter had died, and her notes could not be located. We acknowledged the tension between the government code and the rules of appellate procedure. Nevertheless, we concluded that whether appellant's request for the record was timely and the loss or destruction of the record was through no fault of appellant should be determined by considering whether the request was timely under rule 34.6, not the provisions of the government code generally setting out the duties of court reporters. We did not, however, consider the effect of rule of appellate procedure 13.6 in our discussion.[2]

Rule 13.6 of the rules of appellate procedure provides as follows:

> When a defendant is convicted and sentenced, or is granted deferred adjudication for a felony other than a state jail felony, and does not appeal, the court reporter must—within 20 days after the time to perfect the appeal has expired—file the untranscribed notes or the original recording of the proceeding with the trial court clerk. The trial court clerk

---

1. Specifically, we reverse the judgments in cause numbers 05–05–01052–CR, 05–05–01053–CR, and 05–05–01056–CR, and reverse and remand for new punishment in cause numbers 05–05–01050–CR, 05–05–01051–CR, 05–05–01054–CR, and 05–05–01055–CR.

2. Rule 13.6 of the rules of appellate procedure did not take effect until September 1, 1997. TEX.R.APP. P. 13.6, 60 Tex. B.J. 878. At the time of appellant's trial, rule 11 set out the duties of court reporters. TEX.R.APP. P. 11,

49 Tex. B.J. 561 (Tex. Sup.Ct. and Tex.Crim. App.1986). Rule 11(d) was similar to rule 13.6, and provided that when a defendant was convicted and sentenced to a term of more than two years and no appeal was taken, the court reporter was required to file the untranscribed notes of the proceeding with the district clerk to retain for fifteen years. *Id.* For convenience, we will refer to the current version of the rule.

need not retain the notes beyond 15 years of their filing date.

Tex.R.App. P. 13.6.

■ In these cases, appellant was convicted on June 20, 1997. The court of criminal appeals granted appellant out-of-time appeals on April 25, 2005, stating in its mandate that for purposes of the rules of appellate procedure, all time limits would be calculated as if the sentences had been imposed on May 23, 2005. Appellant then filed his notices of appeal and request for the record within thirty days, making his request timely pursuant to the rules of appellate procedure. *See* Tex.R.App. P. 34.6(b)(1). Because he was convicted on June 20, 1997, and did not file his notices of appeal until May 23, 2005, rule 13.6 required the court reporter to file the untranscribed notes of the proceeding with the district court clerk. The district court clerk was then under the obligation to retain the notes for fifteen years from the time they were filed. That the records cannot be found in the district clerk's office either because the court reporter failed to file them or the records have been lost while in the custody of the district clerk's office is not the fault of appellant.[3]

■ In reaching this conclusion, we necessarily reject the State's argument that the duties of the court reporter under rule 13.6 are in conflict with the duties set out in section 52.046(a)(4) of the government code, requiring the rule to yield to the statute. Section 52.046(a)(4) of the government code requires a court reporter, *upon request,* to preserve the notes for three years from the date on which they were taken. When, as here, the record shows no such request until years after the

time limit imposed on the court reporter has passed, the court reporter's duty to retain the record for three years from the time the notes were taken (and ability to destroy it thereafter) under section 52.046(a)(4) does not arise. Rather, because appellant did not file a notice of appeal or otherwise request that the record be retained until after the time line imposed by rule 13.6 had already passed, rule 13.6 applies and the court reporter was under the obligation to file the untranscribed notes with the district clerk to be retained for fifteen years.

■ We likewise reject the State's contention that applying rule 13.6 in this case would somehow enlarge rights guaranteed to appellant by section 52.046(a)(4). Section 52.046(a)(4) sets out the obligations of a court reporter and requires, among other things, that upon request, the court reporter retain the notes for three years. It does not confer a substantive right to appellant to have a record available to him for a given period of time. We note, however, that the legislature has conferred the right to certain collateral proceedings in which either the State or the defendant may use records from the underlying trial years after conviction. *See, e.g., Routier v. State,* No. AP–75617, 2008 WL 2486417, at *1 n. 2 (Tex.Crim.App. June 18, 2008) (reviewing evidence adduced at trial in appeal from denial of motion for post-conviction DNA testing); *Ex parte Moreno,* 245 S.W.3d 419, 423–25 (Tex.Crim.App.2008) (considering mitigating evidence at punishment phase of capital murder trial to determine merits of application for writ of habeas corpus raising *Penry*[4] error). And,

---

3. The record from the hearing to determine the status of the record shows the court reporter was deceased, her daughter searched for but had not found the missing records, and the boxes in county storage containing

hearings from the year of appellant's hearings did not contain the missing records.

4. *See Penry v. Lynaugh,* 492 U.S. 302, 319, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989) (jury

the State or other parties may utilize court records from criminal proceedings in certain civil proceedings which may occur more than three years after a defendant is convicted. *See, e.g., Laney v. State,* 223 S.W.3d 656, 659 n. 3 (Tex.App.-Tyler 2007, no pet.) (record in ongoing commitment proceedings could have been supplemented by State with record from underlying capital murder trial); *Nelms v. State,* 761 S.W.2d 578, 579 (Tex.App.-Fort Worth 1988, no writ) (trial court took judicial notice of record "presumably including the statement of facts" from underlying criminal trial in civil proceeding to determine ownership of cash).

The legislature gave the court of criminal appeals rulemaking authority relative to "posttrial, appellate and review procedure" in criminal cases. TEX. GOV'T CODE ANN. § 22.108 (Vernon 2004). Under that authority, the court of criminal appeals adopted rule 13.6. Rule 13.6 provides the procedural mechanism to have certain criminal trial records available to all parties for use in collateral proceedings, both civil and criminal, that have been provided by the legislature. It does not, as the State suggests, operate to enlarge a substantive right guaranteed to appellant by section 52.046(a)(4).

Finally, we reject the State's assertion that using one time line for appellant and another for the State is inherently unfair. The time lines imposed by rule 13.6 or section 52.046 that are at issue in this case apply to the court reporter and the trial court clerk, not to appellant or the State. Contrary to the State's suggestion, we cannot conclude that when the court of criminal appeals later returns a defendant to a point in time so that he may obtain a meaningful appeal, the court of criminal

appeals has somehow undone a time limit imposed on the court reporter that has already passed.

Because we conclude rule 13.6 does not change our determination that appellant was not at fault for the missing recordings either being lost or destroyed, and for the additional reasons expressed in our original opinion, we sustain appellant's sole issue. We reverse the judgments in the three aggravated robbery cases and remand for new trials. We reverse and remand for new punishment hearings in the four aggravated assault cases.

must be empowered by trial court's instructions to give "meaningful effect" to all mitigating evidence, including evidence of mental retardation, introduced at punishment phase of capital murder trial).