**REVERSE and REMAND; and Opinion Filed October 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01521-CR

**LATOYA ROBINSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Auxiliary Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. TR-13-03619**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice Fillmore

A jury convicted Latoya Robinson of contributing to the nonattendance of her child at school, and the trial court assessed a fine of $100. *See* TEX. EDUC. CODE ANN. § 25.093 (West 2012); TEX. PENAL CODE ANN. § 12.23 (West 2011). Because, through no fault of her own, Robinson is unable to obtain an accurate reporter's record of the trial proceedings and an accurate record is necessary to resolve Robinson's issues on appeal, we reverse the trial court's judgment and remand this case for a new trial.

On November 25, 2013, this Court notified the parties and the court reporter of the County Auxiliary Court No. 1 that the reporter's record in this appeal was overdue. We directed the court reporter to file the record within thirty days of the notice. On December 13, 2013, without the benefit of a reporter's record, Robinson filed a *pro se* brief arguing the trial court's judgment should be reversed because she was not timely served with the State's "documents and

evidence," the bailiff improperly communicated with the jurors during deliberations, and the trial court improperly excluded certain evidence and failed to apply an exemption in section 25.086 of the education code to excuse certain of her child's absences from school.

On December 16, 2013, the trial court's "Truancy Court Manager" informed this Court the trial court did not have an official court reporter, Robinson's trial was recorded on a tape cassette recorder by the magistrate, and there was no reporter's record to file in this appeal. On December 19, 2013, the county clerk filed a supplemental clerk's record containing one cassette tape used to record a hearing in this case and three cassette tapes used to record the trial.

On January 10, 2014, the State filed a "Motion for Abatement and to Hold Current Briefing Schedule in Abeyance." The State asserted the trial proceedings were recorded on three cassette tapes, and the trial court should certify the accuracy of the tapes. On January 14, 2014, we granted the State's motion, abated the appeal, and ordered the trial court to conduct a hearing to determine: (1) whether trial proceedings were audio recorded; and (2) if so, could the accuracy of the recordings be verified.

The trial court held a hearing on February 6, 2014 to allow the parties to listen to the recordings of the trial proceedings. Robinson was not present at the hearing and did not contact the trial court to explain her absence. However, the trial court specifically noted the weather conditions created transportation difficulties for at least two of the persons notified to be present at the hearing. After listening to both sides of all three cassette tapes from the trial proceedings, the trial court found (1) the recording of the voir dire was incomplete and difficult to understand, (2) neither party requested a recording of the voir dire, (3) the third tape of the trial was not blank when it was used and contains recordings of proceedings in another case that can be heard prior to the beginning and after the end of the recording of Robinson's trial, (4) other parts of the tape recordings are difficult to understand, (5) the tapes do not contain a recording of any matters

between the time the jury began deliberations and when the verdict was rendered, and (6) although the trial court recalled the prosecutor bringing to its attention that the bailiff had been in the jury room after the jurors began deliberations, this discussion was not recorded. In response to this Court's order, the trial court determined (1) the trial proceedings were audio recorded, and (2) the accuracy of the audio recordings cannot be verified. The trial court recommended that Robinson "be allowed a new trial."

On February 21, 2014, we reinstated the appeal and ordered Robinson to file an amended brief addressing the issue of the trial court's findings regarding the audio recordings of the trial proceedings. Robinson filed an amended brief arguing the "facts of the case or transcripts are not certifiable by court records (transcripts), therefore, the rulings and violations of The Texas Rules of Evidence were not perused in this case." Robinson specifically asserted she was not timely provided documents and evidence by the State and "the evidence and transcripts errors were precursors for [her] not being able to present a meritorious defense in [her] truancy and appeal cases." The State filed a response brief contending Robinson's issues in her original and amended briefs were inadequately briefed and that Robinson had failed to present this Court with a sufficient reporter's record to assess the substantive merits of her issues. The State specifically argued Robinson failed to timely request a reporter's record on appeal.

On August 28, 2014, we ordered the parties to determine whether they could enter factual stipulations as to what occurred during the portions of the trial proceedings relevant to Robinson's appeal. We have received notification the parties were unable to reach an agreement concerning the facts pertaining to the trial.

Rule of appellate procedure 34.6(f) provides, as relevant in this case, that an appellant is entitled to a new trial if she establishes: (1) she timely requested a reporter's record; (2) without her fault, a significant portion of the electronic recording of the proceedings has been lost or

destroyed or is inaudible; (3) the lost, destroyed, or inaudible portion of the reporter's record is necessary to the appeal's resolution; and (4) the lost, destroyed, or inaudible portion of the reporter's record cannot be replaced by agreement of the parties. TEX. R. APP. P. 34.6(f); *Banks v. State*, 312 S.W.3d 42, 44 (Tex. App.—Dallas 2008, pet. ref'd) (supp. op. on remand). In this case, the trial court found that it could not verify the accuracy of the cassette recordings of Robinson's trial proceedings. Further, at least two of Robinson's complaints, that the trial court improperly excluded evidence and the bailiff improperly communicated with the jurors during deliberations, cannot be resolved without the reporter's record. Finally, the parties have indicated they cannot reach an agreement as to the contents of the lost, destroyed, or inaudible portions of the reporter's record. Accordingly, Robinson has met the last three requirements of rule 34.6(f).

The State argues Robinson is not entitled to a new trial under rule 34.6(f) because she failed to establish she timely requested a reporter's record, the first requirement set out in rule 34.6(f). However, the reporter's record, consisting of one cassette recording of a hearing and three cassette recordings of the trial proceedings, has been filed in this appeal and, at the request of the State, this Court ordered the trial court to determine whether the accuracy of the cassette recordings could be verified. Accordingly, the issue is not whether Robinson timely requested the reporter's record, but rather whether the trial court could verify the accuracy of the cassette recordings. It could not.

The State also contends Robinson is not entitled to a new trial because she failed to adequately brief her issues on appeal. The State specifically argues the rules of civil procedure that Robinson relies on to support her argument that she did not timely receive discovery materials are not applicable to this case, Robinson failed to properly request discovery under the code of criminal procedure, and Robinson could have reviewed the State's entire file under its

–4–

"open file" policy.  However, even if we agreed with the State that Robinson failed to adequately brief her complaints that she failed to timely receive discovery, Robinson has also argued the trial court erred by excluding certain evidence and by failing to apply a statutory exemption to excuse certain of her child's absences and that the bailiff improperly communicated with the jurors during deliberations.  These issues simply cannot be addressed, either by Robinson or this Court, without a reporter's record.

We conclude that Robinson, through no fault of her own, is unable to obtain an accurate recording of the trial proceedings, an accurate recording is necessary to resolve Robinson's appeal, and the parties are unable to agree to a factual stipulation that would replace the recorded reporter's record.  Robinson is, therefore, entitled to a new trial.  *See* TEX. R. APP. P. 34.6(f).  We reverse the trial court's judgment and remand this case to the trial court for a new trial.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

131521F.U05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LATOYA ROBINSON, Appellant

No. 05-13-01521-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Auxiliary Court
No. 1, Dallas County, Texas,
Trial Court Cause No. TR-13-03619.
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Stoddart
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for a new trial.


Judgment entered this 30th day of October, 2014.